```
 1
 2
 3                                                              O
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  TERRANCE D. RUTHERFORD,       )  Case No. CV 11-04433 DDP (MANx)
                                  )
12                Plaintiff,      )
                                  )  ORDER GRANTING DEFENDANT ALASKA
13       v.                       )  AIRLINES, INC.'S MOTION TO
                                  )  DISMISS
14  FIA CARD SERVICES, N.A.,      )
    ALASKA AIRLINES, INC.,        )
15  HORIZON AIR INDUSTRIES,       )
    INC.,                         )
16                                )  [Dkt. Nos. 21, 23, 35]
                  Defendants.     )
17  _____   )
18
```

19     Presently before the court are two Motions to Dismiss.  The
20  motion filed by Defendant FIA Card Services, N.A. ("FIA" or "Bank
21  of America") argues that, under Washington law, Plaintiff has
22  failed to allege the existence of a written contract, and thus his
23  claims are time-barred.  (Dkt. No. 23).  The other motion, filed by
24  Defendants Alaska Airlines, Inc. and Horizon Air Industries, Inc.
25  (collectively, "Alaska"), argues that as a matter of California
26  law, Plaintiff's claims must be dismissed.  Having considered the
27  submissions of the parties, the court is inclined to grant Alaska's
28  motion and dismiss Plaintiff's complaint with leave to amend.

**I.  Background**

Plaintiff, a resident of California, works for Alaska, whose principal place of business is in Washington.  (Complaint ¶¶ 5, 7-8.)  Alaska also does business in California.  (Id. ¶ 11.)

Alaska entered into a marketing partnership with FIA, which is organized under the laws of and has its principal place of business in Delaware.  (Id. ¶¶ 6,12.)  As part of the marketing partnership, FIA issues "Alaska Airlines" branded credit cards and makes payments to Alaska.   (Id. ¶¶ 12, 15.)

Defendants instituted a credit card incentive program ("the Program"), under which Alaska employees were promised varying levels of payment for submitting credit card applications that FIA ultimately processed or approved.[1]  (Id. ¶ 20.)  Employees learned the terms of the incentive program "through various means," including web sites, emails, flyers, and "representatives from [FIA] and the airlines' liason to [FIA]."  (Id. ¶ 17.)

Plaintiff alleges that these communications constitute a contract, under which FIA is bound to pay Alaska employees for each qualifying application.  (Id. ¶¶ 24, 26.)  Plaintiff began submitting applications in March 2005.  (Id. ¶ 5.)  Plaintiff alleges, however, that he has not been paid for the applications he has submitted  (Id. ¶ 37.)  In 2007, for example, Plaintiff submitted approximately 1,000 applications.  (Id. ¶.)  Though approximately 509 applicants informed Plaintiff that their applications were approved, Plaintiff never received payment for submitting the applications.  (Id.)  On May 23, 2011, Plaintiff

---

[1] A "processed" application contains enough information to allow FIA to approve or reject the application.  (Complaint ¶ 20.)

2

filed the instant action, alleging causes of action for breach of contract and unjust enrichment. Defendants now move to dismiss both claims.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id.</u> at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id.</u> at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for

3

relief" is a "context-specific" task, "requiring the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950.

**III.  Discussion**

This court, sitting in diversity, applies California's choice of law rules to determine whether California or Washington law applies. <u>Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.</u>, 622 F.3d 996, 1002 (9th Cir. 2010). California employs several different choice of law analyses. See <u>Arno v. Club Med Inc.</u>, 22 F.3d 1464, 1469 n. 6 (Noting conflict among California courts). Some courts, applying a statutory test under California Civil Code § 1646, look to the place of performance or contract formation. <u>See</u>, <u>e.g.</u>, <u>Costco Wholesale Corp. v. Liberty Mutual Ins. Co.</u>, 472 F.Supp.2d 1183, 1197 (S.D. Cal. 2007).

Other courts have suggested, however, that California's modern approach limits § 1646 analyses to matters of contract interpretation, and that other choice of law questions are more properly analyzed under a "governmental interests" analysis. <u>Frontier Oil Corp. v. RLI Ins. Co.</u>, 153 Cal.App.4th 1436, 1459-1460 (2007). Under the governmental interests analysis, the party seeking to invoke foreign law must establish that 1) the foreign law materially differs from California law, and 2) the jurisdictions' interests in applying their own law truly conflict. <u>Pokorny v. Quixtar, Inc.</u>, 601 F.3d 987, 994-995 (9th Cir. 2010); <u>Washington Mutual Bank, FA v. Superior Court</u>, 24 Cal.4th 906, 919 (2001). If there is a true conflict, the court must then weigh the competing interests and apply the law of the state whose interest stands to be most impaired. <u>Id.</u>

4

In instances where the parties have not made a choice of law, as is the case here, some courts apply a third test, based on Section 188 of the Restatement (Second), Conflict of Laws. <u>See</u>, <u>e.g.</u> <u>ABF Capital Corp. v. Berglass</u>, 130 Cal.App.4th 825, 838 (2005).  The Section 188 approach looks to the place of contract formation, the place at which the contract was negotiated, the place of performance, the location of the contract's subject matter, and the location of the parties.  <u>Id.</u>

Here, however, the omission of certain facts from Plaintiff's complaint renders it difficult for this court to make a choice of law determination, regardless of the test applied.  The complaint fails, for example, to specify whether the purported contract alleged is written or oral.  Furthermore, the complaint is vague as to the parties to the purported contract.
Though Plaintiff argues that Alaska formed the contract in Washington (Opposition at 14), his argument contradicts his pleadings, which allege that FIA, a Delaware resident, made the unilateral offer to contract.  (Complaint at ¶ 41.)   Indeed, nowhere in his complaint does Plaintiff allege that Alaska is itself a party to the purported contract.  (Compl. ¶¶ 24 ("Bank of America . . . is bound by the terms of the contract"), 26 ("Bank of America is bound by the terms of a revised contract,"), 41 ("The unilateral offer to contract made by Bank of America was issued to Plaintiff.").)  To the contrary, the complaint explicitly alleges that Alaska is merely an "intended beneficiar[y] of the contract between Bank of America and employees."  (Compl. ¶ 56.)

In light of these deficiencies, Plaintiff's complaint is dismissed, with leave to amend.  Should the facts of Plaintiff's

amended complaint fail to resolve the choice of law dispute, Defendants are free to seek a determination of applicable law from this court.

**IV. Conclusion**

For the reasons stated above, Alaska's Motion to Dismiss is GRANTED.[2]  Any amended pleading shall be filed with fourteen days of the date of this order.

IT IS SO ORDERED.

Dated: March 23, 2012

DEAN D. PREGERSON
United States District Judge

---

[2] FIA's Motion to Dismiss, brought on the basis of Washington law, is denied without prejudice.

6