SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PHILIP F. ATKINS-PATTENSON, Cal. Bar No. 94901
patkinspattenson@sheppardmullin.com
DAVID E. SNYDER, Cal. Bar No. 262001
dsnyder@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:   415-434-9100
Facsimile:    415-434-3947

Attorneys for ALASKA AIRLINES, INC.
and HORIZON AIR INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE D. RUTHERFORD, individually and on behalf of other similarly situated individuals,<br><br>            Plaintiff,<br><br>    v.<br><br>FIA CARD SERVICES, N.A. (Bank of America), ALASKA AIRLINES, INC. and HORIZON AIR INDUSTRIES, INC.,<br><br>            Defendants. | Case No. CV 11-04433 DDP (MANx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER COVERING AFFINITY CARD AGREEMENT**<br><br>Judge:         Hon. Dean D. Pregerson<br>Courtroom:  3 (Spring) |

SMRH:200507201.1

-1-

# [PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER COVERING AFFINITY CARD AGREEMENT

1. PURPOSES AND LIMITATIONS

Plaintiff has identified in his First Amended Complaint ("FAC") an agreement between Defendants FIA Card Services, N.A. and Alaska Airlines, Inc. (*See, e.g.,* FAC ¶¶ 12-23, referring to it as the "Underlying Agreement.")  Plaintiff had not previously had access to this agreement, which is titled the "Second Amended And Restated Alaska Airlines Affinity Card Agreement" and is dated January 1, 2009. Defendants filed motions to dismiss on May 25, 2012, attaching this agreement pursuant to the Court's Protective Order Covering Affinity Car Agreement.  (Dkt. # 45.)

In his opposition papers filed June 15, 2012, Plaintiff referenced earlier versions of this agreement.  Defendants will file replies in support of their motions to dismiss on June 29, 2012, and would like to attach an earlier version of the Second Amended And Restated Alaska Airlines Affinity Card Agreement, titled "Amended And Restated Alaska Airlines Affinity Card Agreement."  Defendants represent that the agreement, like the earlier version, contains confidential, proprietary, and competitively sensitive information for which special protection from public disclosure, and from use for any purpose other than prosecuting or settling this litigation, is warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order Covering Affinity Card Agreement.

2. SCOPE

The protections conferred by this Stipulation and Order cover not only the Amended and Restated Alaska Airlines Affinity Card Agreement and the Second Amended And Restated Alaska Airlines Affinity Card Agreement (collectively, "Affinity Card Agreement"), but also any information copied or extracted

therefrom, as well as all copies, excerpts, summaries, earlier or later versions or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal any portion of that Agreement.  All such information, together or in part, are referred to herein as the "Affinity Card Agreement."

      3.      DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the parties agree otherwise in writing or a court order otherwise directs.

      4.      ACCESS TO AND USE OF PROTECTED MATERIAL

          4.1    <u>Basic Principles</u>.  Plaintiff s counsel may use the Affinity Card Agreement only for prosecuting or attempting to settle this litigation.  Such Agreement may be disclosed only to the categories of persons and under the conditions described in this Order, and specifically may not be disclosed to Plaintiff.  When the litigation has been terminated, Plaintiffs counsel must comply with the provisions of section 7 below (FINAL DISPOSITION).  Nothing in this Order affects the right of Defendants to use or disclose the Affinity Card Agreement in the ordinary course of business.  Such use or disclosure will not waive the protections of this Order, and shall not entitle Plaintiffs counsel to use or disclose such Affinity Card Agreement in violation of this Order.  Persons receiving the Affinity Card Agreement must not reveal or discuss that information to or with any person who is not entitled to receive it, except as set forth in this Order.

          4.2    <u>Disclosure of Affinity Card Agreement - "Counsel Eyes Only"</u>.  Unless otherwise ordered by the Court or permitted in writing by the Defendants, the Affinity Card Agreement may only be disclosed to:

              (a)    Plaintiff's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b) experts retained by Plaintiff's counsel related to this litigation;

   (c) the Court and its personnel;

   (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

   (e) any person who received or was sent the document in the ordinary course of business.

  5. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  If Plaintiff's counsel learns that, by inadvertence or otherwise, it has disclosed the Affinity Card Agreement to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiffs counsel must immediately (a) notify the Defendants in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Affinity Card Agreement, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Agreement to Be Bound" that is attached hereto as Appendix A.

  6. FILING PROTECTED MATERIAL

  Without written permission from Defendants or a court order secured after appropriate notice to all interested persons, a party may not file the Affinity Card Agreement in the public record in this action.  A party that seeks to file the Affinity Card Agreement under seal must comply with Civil Local Rule 79-5.

  7. FINAL DISPOSITION

  Unless otherwise ordered or agreed in writing by Defendants, within sixty days after the final termination of this action, Plaintiffs counsel must return or destroy the Affinity Card Agreement.  Thereafter, if requested by Defendants, Plaintiff must submit a written certification to the Defendants that affirms that Plaintiff has not retained any of the Affinity Card Agreement material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all

pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain the Affinity Card Agreement. Any such archival copies that contain or constitute the Affinity Card Agreement remain subject to this Protective Order as set forth in Section 3 (DURATION) above.

8.  MISCELLANEOUS

    8.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, nor does the Order prevent any party from seeking additional or different protections from the Court with respect to the Affinity Card Agreement in this case.

    8.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on any ground to use of the Affinity Card Agreement in evidence in this case.

    <u>No waiver</u>.  By submitting this stipulation, the parties do not waive the right to seek a broader protective order covering other documents and information, nor to oppose such an order.

Pursuant to stipulation of the parties,

**IT IS SO ORDERED.**

Dated: June 29, 2012

                                Hon. Dean D. Pregerson