O

1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
10
11  TERRANCE D. RUTHERFORD,       ) Case No. CV 11-04433 DDP (MANx)
                                  )
12              Plaintiff,        )
                                  ) **ORDER DENYING PLAINTIFF'S MOTION**
13       v.                       ) **FOR RECONSIDERATION**
                                  )
14  FIA CARD SERVICES, N.A.,      )
    ALASKA AIRLINES, INC.,        )
15  HORIZON AIR INDUSTRIES,       )
    INC.,                         )
16                                ) [Dkt. No. 76]
                Defendants.       )
17                                )
    _____   )
18

19      Plaintiff's Motion for Reconsideration is DENIED. As
20 explained in this court's order, the First Amended Complaint does
21 not allege that Plaintiff performed under a written contract at any
22 time subsequent to 2007. Plaintiff now "acknowledges that the fact
23 of his ongoing and current participation in the Incentive Program
24 is not clearly pled," but argues that such facts are set forth in
25 paragraphs 68, 88, and 89. (Motion at 4 n.2; Reply at 4.)
26 Plaintiff is incorrect.
27      Paragraph 68 states, "Upon information and belief, Bank of
28 America's failure to pay all sums owed, and the airlines' failure

to ensure that all sums are paid, under the Incentive Program Contracts has occurred since before the beginning of the Class Period and is continuing." (FAC ¶ 68.) Paragraph 88 states, "[e]ach and every time that an application is either 'processed' and/or 'approved,' but for which Bank of America does not pay Plaintiff and Class members under the terms of the Incentive Program Contracts, a separate breach of those Contracts occurs." (FAC ¶ 88.) Paragraph 89 read, "Each and every time that an application is either 'processed' and/or 'approved,' but for which the airlines do not ensure that Plaintiff and Class members are paid under the terms of the Incentive Program Contracts, a separate breach of those Contracts occurs." (FAC ¶ 89.) Contrary to Plaintiff's assertion, he has not alleged any performance subsequent to 2007 that would fall within the limitations period.

    Plaintiff further argues that this court erred in denying him leave to amend his complaint a second time. (Reply at 7.) Specifically, Plaintiff argues for the first time that a Second Amended Complaint would allege performance within the limitations period. At argument, the court questioned whether Plaintiff could allege any such facts, and pointed out the lack of any allegation that Plaintiff continues to perform under the Incentive Contracts. (Tr. at 8:22-25.) Plaintiff's counsel did not provide any other examples of post-2007 performance, but rather responded by pointing to paragraph 68 of the FAC, which, as discussed above, does not allege performance of any kind.[1] (Tr. at 9:4.) Given that Plaintiff has already amended his complaint once and could not

---

[1] Counsel also referred to paragraph sixty-four, which is substantively similar to paragraph eighty-eight.

2

1 identify any post-2007 performance at argument, the court is not
2 persuaded by Plaintiff's contention, made for the first time in
3 this Motion for Reconsideration, that he can allege performance and
4 breach within the statute of limitations period.  Accordingly, any
5 amendment would be futile.
6     Plaintiff's motion is DENIED.

10 IT IS SO ORDERED.

13 Dated: January 29, 2013

DEAN D. PREGERSON
United States District Judge

3